UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS MARIN-VEGA,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 6:11-cv-227-Orl-28DAB
(6:09-cr-123-Orl-28DAB)

## ORDER

This case is before the Court on Petitioner's Motion for Reconsideration (Doc. No. 11). Petitioner seeks reconsideration of this Court's August 22, 2011, Order denying Petitioner's motion for discovery without prejudice (Doc. No. 10). Petitioner seeks phone records and text messages made between Deputy Susan Allen and Agent Vance Durham from June 9 through 11, 2009 (Doc. No. 7 at 8). Petitioner also seeks all documents obtained by Deputy Allen in regard to a blue Mazda. *Id.* Petitioner contends that the information regarding whether Deputy Allen conducted surveillance and pulled information relating to a blue Mazda is necessary to prove his claim that there was no reasonable probable cause to detain him, arrest him, or search his vehicle. *Id.* Petitioner claims that the agents and officers committed perjury at trial when testifying that they saw a blue Mazda between June 9 through 11, 2009. *Id.* Petitioner maintains that the officers and agents never conducted surveillance of his vehicle and therefore had no probable cause to arrest him. *Id.*

Here, Petitioner has noted no change in the factual underpinning upon which the Court based its Order. A habeas petitioner "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the *Rules Governing Section 2255 Cases for the United States District Courts* provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause "is shown were 'specific allegations before the court show reason to believe that the petition may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Reed v. Culiver*, 244 F. App'x 304, 306 (11th Cir. 2007) (quoting *Bracy*, 520 U.S. at 908-09). The Court found in its previous Order that discovery is not warranted because Petitioner's allegations that several Government witnesses committed perjury at trial were speculative and conclusory. Good cause for discovery cannot arise from mere speculation. *Arthur v. Allen*, 459 F.3d 1310 (11th Cir. 2006); *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1189 (11th Cir. 2006) (stating "to order discovery based upon mere speculation as to whether . . . material would contain exculpatory evidence . . . [would] impose an undue burden upon the district court") (quotation omitted). After considering the arguments made in the motion for reconsideration, the Court finds that Petitioner has failed to demonstrate sufficient grounds warranting reconsideration.

Accordingly, it is **ORDERED** that the Motion for Reconsideration (Doc. No. 11) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida this 13 day of September, 2011.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 9/13
Carlos Marin-Vega
Counsel of Record