UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS MARIN-VEGA,

    Petitioner,

v.                                          CASE NO. 6:11-cv-227-Orl-28DAB
                                                       (6:09-cr-123-Orl-28DAB)

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Carlos Marin-Vega (Doc. No. 1). The Government filed a response to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts* (Doc. No. 4). Petitioner filed a reply to the response (Doc. No. 5).

Petitioner alleges three claims for relief: (1) trial counsel was ineffective for failing to move to suppress the firearm found under the driver's seat of his car; (2) trial counsel was ineffective for failing to move to suppress his statements made to the arresting officers; and (3) the Government failed to prove the conspiracy charge. As discussed hereinafter, the Court finds that Petitioner is not entitled to relief.

I.    *Procedural History*

Petitioner was indicted on one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§

841(a)(1) & (b)(1)(A)(ii) and 846 (count one), one count of attempted possession with intent to distribute five or more kilograms of cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846 (count two), and one count of knowingly using and carrying a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) & (c)(2) (count three) (Criminal Case No. 6:09-cr-123-Orl-28DAB, Doc. No. 24).[1] A jury trial was held on September 28 and 29, 2009 (Criminal Case Doc. Nos. 76, 80, 123, & 124).

The testimony at trial revealed that in June 2009, DEA agents were investigating a drug conspiracy in which Eric Andino ("Andino") and Orlando Machuca-Reyes ("Machucha-Reyes"), Petitioner's co-defendants, had agreed to pay a confidential informant ("CI") $130,000 to purchase five kilograms of cocaine (Criminal Case Doc. No. 134-37). A reverse sting operation was planned for 12:00 p.m. on June 11, 2009, at the Philly Steak Restaurant located in the BJ's Wholesale Club shopping plaza in Osceola County, Florida. *Id.* at 133-34, 141-42. Prior to the sting operation, DEA agent Susan Allen ("Agent Allen") performed "pre-surveillance" in which she drove by Andino's home on June 9 and June 11, 2009. *Id.* at 208. During the pre-surveillance, Agent Allen observed Andino's white van and a blue Mazda Protégé at Andino's residence. *Id.* Agent Kelly Pennington ("Agent Pennington") testified that he heard Agent Allen relay this information to other agents working on the reverse sting operation (Criminal Case Doc. No. 124 at 72-73).

---

[1] Hereinafter Criminal Case No. 6:09-cr-123-Orl-28DAB will be referred to as "Criminal Case."

Agent Vance Durham ("Agent Durham") testified that on June 11, 2009, he observed a blue Mazda Protégé performing "counter surveillance" at or near the location where Andino and Machuca-Reyes met with the CI. *Id.* at 152-53. Agent Durham explained that the vehicle was driving in circles around the parking lot of the plaza. *Id.* Agent Durham testified that the vehicle would temporarily park and then continue to circle the parking lot. *Id.* Agent Durham observed the Protégé park near Andino's vehicle moments before Andino, Machuca-Reyes, and the CI walked back to their vehicles to complete the drug transaction. *Id.* at 153. Petitioner was later identified as the driver of the Protégé. Agent Allen, Sergeant Ryan Berry ("Sergeant Berry"), Officer James Davidson ("Officer Davidson"), and Agent Pennington corroborated Agent Durham's testimony that Petitioner was observed performing counter surveillance at the plaza (Criminal Doc. No. 123 at 216; Criminal Doc. No. 124 at 15-16, 41-42, 90).

Officer Davidson, Agent Glen Gilbert ("Agent Gilbert"), and Sergeant Darryl Enger ("Sergeant Enger") participated in the stop of the Protégé and Petitioner's arrest (Criminal Doc. No. 124 at 44). Petitioner was handcuffed, placed in Officer Davidson's police vehicle, and driven to a secure location. *Id.* at 45. The Protégé was also driven to the secure location where it was searched (Criminal Doc. No. 123 at 238-39).

Agent Raul Roque ("Roque") testified that he questioned Petitioner while Petitioner was seated in Officer Davidson's patrol car (Criminal Doc. No. 124 at 118). Agent Roque stated that he read Petitioner his *Miranda*[2] rights in Spanish, after which Petitioner agreed

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

to waive his rights and speak the with agents. *Id.* at 119. After learning that Petitioner could speak English, Agent Roque restated his questions in English so that Officer Davidson could hear and understand Petitioner's responses. *Id.* at 119-20. According to Agent Roque, Petitioner stated that Andino had been his friend for twenty years and had asked Petitioner to "watch his back" during the activity in the parking lot. *Id.* at 120. Petitioner told Agent Roque that he believed Andino was doing something illegal that related to drugs because "that's what Andino does." *Id.* at 121. Officer Davidson corroborated Agent Roque's testimony. *Id.* at 46-47. Officer Davidson further testified that he did not speak to Petitioner until after Agent Roque had read Petitioner his *Miranda* rights. *Id.* at 45

The jury convicted Petitioner as charged (Criminal Case Doc. No. 84). On December 18, 2009, this Court sentenced Petitioner to concurrent terms of 121 months in prison for counts one and two and to a 60-month term of imprisonment for count three, which was ordered to run consecutively to the sentences for counts one and two (Criminal Case Doc. No. 107, 115, 125). On December 22, 2009, the Court entered judgment in the criminal case (Criminal Case Doc. No. 111). The Court entered a corrected judgment on December 31, 2009 (Criminal Case Doc. No. 115). Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed the judgment and sentences. *See United States v. Marin-Vega*, 403 F. App'x 358 (11th Cir. 2010).

*II.    Legal Standard*

The Supreme Court of the United States, in *Strickland v. Washington*, 466 U.S. 668

(1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

5

## III. Analysis[3]

### A. Claim One

Petitioner claims that trial counsel was ineffective for failing to move to suppress the firearm found under the driver's seat of his car (Doc. No. 1 at 32-33). In support of this claim, Petitioner maintains that probable cause did not support his arrest, and therefore, the search of his vehicle was improper. *Id.* at 34-35.

The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment generally guarantees this right by requiring the Government to obtain a search warrant prior to a search of a person, his home, or vehicle; however, there are exceptions to the general warrant requirement. *United States v. Tamari*, 454 F. 3d 1259, 1261 (11th Cir. 2006) (citing *Maryland v. Dyson*, 527 U.S. 465, 466 (1999)). A warrantless arrest of a person is permitted whenever a law enforcement officer has

---

[3]Petitioner filed a document titled "Addendum to Supplement" in which he attempts to add an additional claim that trial counsel was ineffective for advising him to reject the Government's plea offer of 60-70 months (Doc. No. 15). The Court concludes that this claim is untimely filed and cannot be considered unless it relates back to Petitioner's original § 2255 motion. *See United States v. Davenport*, 217 F.3d 1341, 1344 (11th Cir. 2000); Fed. R. Civ. P. 15(c). The untimely claim must have "arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type." *Davenport*, 217 F.2d at 1344; *Mayle v. Felix*, 545 U.S. 644 (2005). An amendment that states an entirely new claim for relief based on a different set of facts will not relate back. *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003). Petitioner's claim relating to counsel's purported advice to reject the plea offer does not expand upon facts or cure deficiencies in the original motion and instead states a new claim based on different facts. Accordingly, this claim does not relate back to the original § 2255 motion and will not be considered.

probable cause to believe that the person has committed a crime. *Virginia v. Moore*, 553 U.S. 164 (2008); *United States v. Hill*, 338 F. App'x 855, 858 (11th Cir. 2009). Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *United States v. Lyons*, 403 F.3d 1248, 1253 (11th Cir. 2005) (quotation omitted).

The Court concludes the agents had probable cause to arrest Petitioner. Although mere presence at the scene of a crime does not establish probable cause, considering the facts and circumstances within the agents' knowledge, a prudent person would believe that Petitioner was involved in the drug conspiracy and had committed these crimes. *See Lyons*, 403 F. 3d at 1253; *Holmes v. Kucynda*, 321 F.3d 1069, 1081 (11th Cir. 2003). Thus, the agents had a reasonable belief that Petitioner was involved in committing the charged crimes, and his arrest was supported by probable cause. *Virginia*, 553 U.S. at 164; *Hill*, 338 F.3d at 858.

Likewise, the agents had probable cause to search Petitioner's vehicle. A warrantless search of a vehicle is permitted under two exceptions to the Fourth Amendment: the search incident to arrest exception and the automobile exception. *Tamari*, 454 F.3d at 1261; *Arizona v. Gant*, 556 U.S. 332, 351 (2009). A vehicle search may be made incident to a recent occupant's arrest when "the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." *Gant*, 556 U.S. at 343. At the time of his arrest, Petitioner was secured and not within reaching distance of Protégé's passenger compartment. Therefore, the Court concludes this exception has no bearing on

the case.

The automobile exception provides that agents "may conduct a warrantless search of a vehicle if (1) the vehicle is readily mobile (*i.e.*, operational); and (2) agents have probable cause to believe the vehicle contains contraband or evidence of a crime." *Tamari*, 454 F.3d at 1261; *see also Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996) (*per curiam*). Accordingly, a vehicle search does not violate the Fourth Amendment if "under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle." *Tamari*, 454 F.3d at 1261-62.

The search of the Protégé was proper pursuant to the automobile exception. The evidence at trial reflects that the vehicle was readily mobile and the agents had probable cause to believe the vehicle contained contraband or evidence of the crime. Specifically, the Protégé was observed at Andino's home and was driven in a manner during the drug transaction to suggest Petitioner was performing counter surveillance. *See Tamari*, 454 F.3d at 1264 (holding the search of the defendant's vehicle was lawful because the vehicle was the same type as the one driven by the leader of the drug conspiracy and was observed driving on to property where agents had seized cocaine, currency, and firearms). Given the totality of the circumstances, a reasonable agent could conclude there was a substantial probability that evidence relating to the drug conspiracy would be found in Petitioner's car. *See id.*

Because Petitioner's arrest and the search of the Protégé were supported by probable cause, no Fourth Amendment violation occurred. Thus, trial counsel did not act deficiently

8

by failing to file a motion to suppress the firearm. *See Knowles v. Mirzayance*, 556 U.S. 111 (2009) (the law does not require counsel to raise every available non-frivolous defense). Accordingly, claim one is denied.

### B.   Claim Two

Petitioner alleges that trial counsel was ineffective for failing to move to suppress his statements to the arresting officers. Petitioner maintains that he was interrogated before the agents read him his *Miranda* rights. Petitioner also alleges that he did not admit his guilt to the agents.

Contrary to Petitioner's allegations, Officer Davidson testified that he did not interview Petitioner prior to advising him of his *Miranda* rights. Thus, Petitioner's claim that he made a statement before waiving his *Miranda* rights is refuted by the record. Nevertheless, even if Officer Davidson had improperly questioned Petitioner without reading him his rights pursuant to *Miranda*, Petitioner's argument fails because the alleged statements made to Officer Davidson were not used against him at trial. Finally, had Petitioner made a statement to Officer Davidson before waiving his *Miranda* rights - which is contrary to this Court's finding - the statement later given to Agent Roque was not tainted. *See Oregon v. Elstad*, 470 U.S. 298 (1985) (holding that while a defendant's initial statement was inadmissible because of a *Miranda* violation, a subsequent statement, made after careful *Miranda* warnings were given and a waiver obtained, was admissible). Thus, counsel's failure to file a motion to suppress did not result in prejudice as there was no

9

basis for this Court to suppress Petitioner's statements.[4] Accordingly, claim two is denied.

### C. Claim Three

Petitioner alleges that the Government failed to prove the conspiracy charge. The Government argues that this claim is procedurally barred because it should have been raised on direct appeal.

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). However, a defendant can avoid this procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

In the present case, Petitioner did not raise this claim on direct appeal. Furthermore,

---

[4]Petitioner cites to *Missouri v. Seibert*, 542 U.S. 600 (2004), as a basis for relief. The Court concludes that Petitioner's reliance on *Seibert* is unavailing. The *Seibert* Court held that reading *Miranda* warnings in the middle of an interrogation and after a defendant has confessed, as a conscious decision to question first and then give warnings, violates the Fourth Amendment. *Id.* at 610-12. The record reflects that Petitioner was not questioned and did not make any statements prior to the reading of *Miranda* warnings. Petitioner has not presented any evidence to the contrary. Therefore, Petitioner's statement was not subject to suppression pursuant to *Seibert*, and relief is not warranted. *See United States v. Buggs*, No. 8:11-cr-195-T-33EAJ, 2011 WL 3797681, at *6-7 (M.D. Fla. Aug. 3, 2011) (holding *Seibert* is inapplicable if police do not engage in a "question first" tactic).

Petitioner has not alleged or demonstrated cause or prejudice with regard to his failure to raise this claim on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. A review of the record demonstrates that Petitioner is unable to satisfy either of the exceptions to procedural default bar. Thus, Petitioner is procedurally barred from raising this claim.

Petitioner argues in his reply that his claim is not that the Government failed to prove the conspiracy charge, but instead that counsel was ineffective for failing to argue at trial that the Government did not introduce sufficient evidence proving the conspiracy. Specifically, Petitioner maintains that the Government failed to demonstrate that a meeting of the minds occurred between himself and his co-defendants.

"To convict a defendant of drug conspiracy, the government must prove beyond a reasonable doubt: (1) an agreement by two or more people to violate the federal drug laws; (2) the defendant knew about the agreement; and (3) the defendant knowingly and voluntarily participated in the agreement." *United States v. Rueda-Hernandez*, 438 F. App'x 860, 861 (11th Cir. 2011) (citing *United States v. McDowell*, 250 F.3d 1354, 1365 (11th Cir. 2001)). The Government "need not prove the existence of a formal agreement, but may instead demonstrate by circumstantial evidence a meeting of the minds to commit the unlawful act." *Id.* (citing *United States v. Toler*, 144 F. 3d 1423, 1426 (11th Cir. 1998)).

Sufficient evidence existed to prove that Petitioner knowingly entered into a conspiracy to purchase and possess cocaine or to prove that he intended to aid his co-defendants in the purchase and possession of cocaine. Not only did agents testify

regarding Petitioner's actions that suggested he was conducting counter surveillance, but Petitioner also told Agent Roque that he was present due to Andino's request for back up. Viewing the evidence in the light most favorable to the Government, the Court concludes that a jury could reasonably conclude, based on the circumstantial evidence, Petitioner knew about and voluntarily joined the conspiracy to possess with intent to distribute five or more kilograms of cocaine. *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004). Trial counsel did not act deficiently by failing to challenge the sufficiency of the evidence with respect to the conspiracy charge. Additionally, Petitioner cannot demonstrate that counsel's actions resulted in prejudice. Claim three, therefore, is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of Court is directed to file a copy of this Order in criminal case number 6:09-cv-123-Orl-28DAB and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 132) pending in that case.

4. This Court should grant an application for certificate of appealability only if

the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a certificate of appealability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida, this 22 day of January, 2013.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 1/18
Carlos Marin-Vega
Counsel of Record

---

[5]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court,* "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.